UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

    Plaintiff,

    v.      CAUSE NO. 3:19-CV-1145-JD-MGG

LYNCH and INDIANA STATE PRISON
WARDEN,

    Defendants.

OPINION AND ORDER

Dwayne Doolin, a prisoner without a lawyer, filed a complaint alleging Officer Lynch paid an inmate to attack him. He also alleges she is actively inciting other inmates to kill him. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Doolin alleges Officer Lynch gave drugs to a fellow inmate name Huggins. As a result, Huggins assaulted him with urine and feces on November 1, 2019. Huggins also threatened to continue attacking Doolin and stab him to death. Though Officer Lynch is not alleged to have personally struck Doolin, these allegations state a claim of excessive

force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper* , 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers* , 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Hiring an inmate to kill Doolin would be malicious and sadistic.

Doolin also alleges Officer Lynch has incited other inmates to kill him by labeling him a snitch. He alleges other inmates have threatened to murder him as a result of her instigation. These allegations also state a claim against Officer Lynch.

Finally, Doolin asks to be transferred out of Indiana State Prison because of the ongoing threats allegedly posed by other inmates at the instigation of Officer Lynch. Under the Eighth Amendment, prison officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). However,

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore if the court were to find that Doolin was not being protected from attack by other inmates as required by the Eighth Amendment, the court could only order that he be provided with protection which meets the requirements of the Eighth Amendment. If it is possible to do that at the Indiana State Prison, a transfer order would not be warranted.

The Indiana State Prison Warden has both the authority and the responsibility to ensure that Doolin is protected from attack as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant and Doolin will be allowed to proceed on an official capacity claim for permanent injunctive relief.

For these reasons, the court:

(1) GRANTS Dwayne Doolin leave to proceed against Officer Lynch in an individual capacity for compensatory and punitive damages for giving drugs to inmate Huggins to pay him to attack Dwayne Doolin on November 1, 2019, and for his ongoing efforts to kill Dwayne Doolin in violation of the Eighth Amendment;

(2) GRANTS Dwayne Doolin leave to proceed against Officer Lynch in an individual capacity for compensatory and punitive damages for inciting other inmates to kill him by labeling him a snitch sometime on or after November 1, 2019, in violation of the Eighth Amendment;

(3) DIRECTS the clerk to add the Indiana State Prison Warden as a defendant in an official capacity;

(4) GRANTS Dwayne Doolin leave to proceed against the Indiana State Prison Warden in an official capacity for permanent injunctive relief to protect him from attack by inmate Huggins and other inmates at the instigation of Officer Lynch;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer Lynch and the Indiana State Prison Warden at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information;

(8) ORDERS, the Indiana State Prison Warden to file a sworn statement (with supporting records and reports from others as necessary) by **December 19, 2019**, explaining what risks Dwayne Doolin faces from Officer Lynch, inmate Huggins, and other inmates as well as what precautions are being taken to protect him from attack by them; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Lynch and the Indiana State Prison Warden respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 12, 2019

                                                        /s/ JON E. DEGUILIO
                                         JUDGE
                                         UNITED STATES DISTRICT COURT