UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DWAYNE DOOLIN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-1145-JD-MGG |
| LYNCH, et al., | |
| Defendants. | |

OPINION AND ORDER

Dwayne Doolin, a prisoner without a lawyer, is proceeding on three claims. He is proceeding on an Eighth Amendment claim against Officer Lynch for paying inmate Huggins to attack Doolin on November 1, 2019, and for his ongoing efforts to kill Doolin. He is proceeding on an Eighth Amendment claim against Officer Lynch for inciting other inmates to kill him by labeling him a snitch sometime on or after November 1, 2019. And, he is proceeding against the Indiana State Prison Warden in an official capacity for permanent injunctive relief to protect him from attacks by Huggins and other inmates at the instigation of Officer Lynch. Officer Lynch and the Indiana State Prison Warden, by counsel, filed a motion for summary judgment, arguing that Doolin failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).

Doolin was provided with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 30. The notice informed Doolin of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those

facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Despite this notification, Doolin did not file a response. This matter is therefore ripe for adjudication.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

2

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The grievance policy for the Indiana Department of Correction provides that, before filing a grievance, an offender is required to attempt to resolve a complaint informally by contacting an appropriate staff member. ECF 28-1 at ¶ 11; ECF 28-2 at 8-9. The offender must also "provide evidence (e.g., "To/From" correspondence, State Form 36935, "Request for Interview") of the attempt." ECF 28-2 at 8-9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance. ECF 28-1 at ¶ 12; ECF 28-2 at 9-11. The grievance specialist must review the grievance within five business days and either accept it or reject it. ECF 28-2 at 10. If rejected, the grievance is returned to the offender with an explanation and information on how it may be corrected using State Form 45475. *Id.*

If unsatisfied with the response to the formal grievance, an offender may appeal to the Warden or his designee using State Form 45473, "Offender Grievance Appeal"

within five days of receiving a response or, if no response is received, within twenty business days of submitting the grievance. *Id.* at 11. Finally, if an inmate is still dissatisfied with the response to the appeal, he must check the "disagree" box, sign, and submit the completed State Form 45473, "Offender Grievance Appeal" to the Offender Grievance Specialist within five business days of receipt of the appeal response. *Id.* at 12. Each offender is advised of the grievance procedure during orientation, and a copy of the procedure is available at the law library. ECF 28-1 at ¶¶ 20-22.

On November 1, 2019, Doolin filed two formal grievances that are relevant to his claims in this case. One of the grievances is about events occurring on October 23, 2019. Doolin writes, in relevant part, the following:

> When Ofc. Lynch passed trays her and I had words. Ofc. Lynch then told me that she was gonna have inmate [H]uggins in 201 [E]ast "take care of me." Then Inmate [H]uggins began threatening me to stab me, to break a lightbulb on me and throw feces on me. He continuously yelled over the range that he was going to get me and he had to because Ms. Lynch paid him to.
>
> I gave Ms. Lynch an informal grievance and she tore it up.

ECF 28-4 at 2. The grievance was rejected, with a note as follows:

> This still needs to be informally resolved. You don't specify the time this alleged incident occurred.

*Id.* The other formal grievance provides that:

> Ofc. Wilson escorted me to the shower at approx. 11:00 am and he said he was taking me through the back to avoid Inmate Huggins in 201 [E]ast because he threatened to gun me down with feces. Camera will show that I got gunned down anyway and camera will show that Ofc. Wilson didn't escort me he instead stopped half way up the stairs and let me get assaulted with bodily waste. Ofc. Wilson lead [sic] me into an attack when he knew of the danger. This is official misconduct a level 5 felony. I tried to file an informal grievance with him and he told me to just file a grievance because he didn't care. Then he didn't even write up the inmate for the Class A 102.

*Id.* at 4. This grievance was rejected because he submitted it too early. It further indicates that "[v]ideo shows you in your cell around 11am. This still needs to be informally resolved." *Id.* at 3.

Here, the defendants urge the court to dismiss Doolin's case because he did not produce evidence that he attempted to informally resolve his complaints. The defendants, however, make no reference whatsoever to Doolin's statements regarding his attempts at informal resolution contained in the formal grievances.

If Ms. Lynch tore up his informal grievance and Ofc. Wilson would not take his informal grievance, it is unclear what documentation Doolin should have submitted as evidence of his attempt. Perhaps Doolin could have documented his attempts in more detail or attached copies of the informal grievances that Ms. Lynch tore up (if she gave it back to him) and Ofc. Wilson would not address. Nonetheless, his formal grievances indicate that he did attempt to resolve his complaints informally. Defendants have not taken issue with the veracity of Doolin's statement; rather, they assert that he has not provided evidence of his attempt. Under the circumstances described by Doolin and in the absence of a challenge to the truthfulness of his statements, Doolin's formal grievances demonstrate that Ms. Lynch and Ofc. Wilson refused to engage in the informal resolution process. Doolin's inability to submit evidence of his attempt to resolve informally when the defendants refused to engage in the process does not

5

demonstrate that Doolin failed to comply with the grievance process. It demonstrates that the grievances were erroneously rejected.[1]

For these reasons, the court DENIES the motion for summary judgment (ECF 28).

SO ORDERED on January 15, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] One of the two grievances was rejected for a second reason – failure to provide the time of the incident. The defendants did not raise this as a basis for granting summary judgment in their favor, but if they had, it would not have altered the outcome of the motion. Neither the Offender Grievance Process nor the Offender Grievance form require Doolin to provide the time. ECF 28-2 at 8; ECF 28-4 at 2. Further, Doolin indicated that the incident occurred when Sgt. Lynch was passing trays. This detail is sufficient for prison staff to identify the relevant time period, and failure to provide a time was therefore invalid reason for rejecting Doolin's grievance.